IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 10 B 54396 |
| | ) | (Jointly Administered) |
| | ) | |
| KB, LLC, *et al.*[1], | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Hon. Timothy A. Barnes |
| | ) | |
| | ) | Hearing Date and Time: |
| | ) | February 5, 2013, at 10:00 a.m. |

## NOTICE OF MOTION

TO: Attached Service List

**PLEASE TAKE NOTICE THAT** on February 5, 2013, at 10:00 a.m., I shall appear before the Honorable Judge Timothy A. Barnes, or any other judge sitting in his stead, in Room 613, 219 South Dearborn Chicago, Illinois, and request a hearing on Debtors' Attorneys' Application for Allowance of Final Compensation and Reimbursement of Costs and Expenses, a copy of which is attached hereto and thereby served upon you.

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and APPLICATION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 14th of January 2013.

                                                                 /s/ Gregory K. Stern
                                                                   Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
Christina M. Riepel (Atty. ID #6297514)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

---

[1] The Debtors, together with their bankruptcy case numbers are: (i) KB, LLC, 10 B 54396; and (ii) KB II, LLC, 11 B 3848.

## SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick Layng, United States Trustee
219 South Dearborn Street
Room 873
Chicago, Illinois 60604

Patrick T. Wallace
Office of Fund Counsel
111 West Jackson Boulevard
Suite 1415
Chicago, Illinois 60604

Daniel Olswang
Hauselman, Rappin & Olswang, Ltd.
39 South LaSalle Street
Suite 1105
Chicago, IL 60603

**Parties Served Via US Mail**

KB, LLC
KB II, LLC
825 Seegers Road
Des Plaines, Illinois 60016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No.  10 B 54396 |
| | ) | (Jointly Administered) |
| | ) | |
| KB LLC, *et al.*[2], | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Hon. Timothy A. Barnes |

**DEBTORS' COUNSEL'S APPLICATION FOR ALLOWANCE OF FINAL
COMPENSATION AND REIMBURSEMENT OF COSTS AND EXPENSES**

Now Comes Gregory K. Stern, Monica C. O'Brien, Dennis E. Quaid, and Christina M. Riepel of Gregory K. Stern, P.C. (the "Attorneys"), attorneys for KB LLC ("KB"), and KB II, LLC ("KB II"), as debtors and debtors in possession (collectively the "Debtors") in these jointly administered Chapter 11 cases, and, pursuant to § 330 the Bankruptcy Code, request that this Court enter an order allowing final compensation of $139,014.20 for 378 hours of professional services rendered to the Debtors and reimbursement of costs and expenses in the amount of $2,427.95 and authorizing payment of the unpaid balance of allowed compensation and reimbursement of costs and expenses totaling $70,903.15, and, in support thereof, state as follows:

1. On December 8, 2010, KB caused a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code to be filed (the "KB Petition Date").  On January 31, 2011, KB II caused a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code to be filed (the "KB II Petition Date"). The Debtors are authorized to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee has been appointed in this case.

2. The Debtors' cases are being jointly administered pursuant to Rule 1015(b) of the Fed. R. Bankr. P.

---

[2]  The Debtors, together with their bankruptcy case numbers are: (i) KB, LLC, 10 B 54396; and (ii) KB II, LLC, 11 B 3848.

3. The Debtors have paid all quarterly fees due to date to the United States Trustee and have filed all monthly operating reports due to date.

4. In accordance with Bankruptcy Rule 2002, notice of this Application has been sent to all parties on the service list, including the US Trustee, all creditors and parties in interest.

5. On January 5, 2011, the Court entered an *Order Authorizing Employment of Attorneys* in the KB, LLC case *nunc pro tunc* to the KB Petition Date (KB Docket No. 12), with all compensation and reimbursement of expenses subject to further order of this Court; and on March 8, 2011, the Court entered an *Order Authorizing Employment of Attorneys* in the KB II, LLC case *nunc pro tunc* to the KB II Petition Date (KB II Docket No. 12), with all compensation and reimbursement of expenses subject to further order of this Court.

6. On March 15, 2011, the Court entered an *Order Directing Joint Administration of Cases* (Docket No. 33).

7. On October 31, 2011, the Attorneys filed their First Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "First Application") (Docket No. 124) (that is incorporated by reference herein and made a part hereof); and, on November 22, 2011, this Court entered an Order Allowing First Interim Compensation and Reimbursement of Costs and Expenses (Docket No. 137) of $64,681.50 to Counsel for 187.50 hours of professional services rendered and reimbursement of $2,398.35 of costs expended from December 3, 2010, through October 14, 2011. The Attorneys have received payment of the allowed compensation and reimbursement of costs awarded in the First Application.

8. On April 13, 2012, the Attorneys filed their Second Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "Second Application") (Docket No. 178) (that is incorporated by reference herein and made a part hereof); and, on May 2, 2012, this Court

entered an Order Allowing Second Interim Compensation and Reimbursement of Costs and Expenses (Docket No. 191) of $24,871.50 to Counsel for 67.10 hours of professional services rendered and reimbursement of $16.40 of costs expended from October 15, 2011, through April 11, 2012. The Attorneys have received payment of $3,459.15 of the allowed compensation and reimbursement of costs awarded in the Second Application.

9. The Attorneys have expended 123.40 hours of professional services from April 12, 2012 through January 10, 2013, and $13.20 in costs and expenses, as more fully set forth in the Time Sheets attached hereto and made a part hereof. That the reasonable value of the professional services rendered from April 12, 2012 through January 10, 2013 is $49,448.00.

10. The rates at which the Attorneys seek compensation are at or below their usual and customary hourly rates charged for bankruptcy work of this nature, performed for other clients. At all times relevant hereto, the Attorney's services have been billed as follows: Dennis E. Quaid $420.00 to $440.00 per hour, Gregory K. Stern $405.00 to $425.00 per hour, Monica C. O'Brien $385.00 to 400.00 per hour, James E. Hausler $250.00 per hour, and Christina M. Riepel $250.00 to $275.00 per hour.

11. That the Attorneys rendered 378 hours of professional services from December 3, 2010 through January 10, 2013, that have been separated into eight (8) service categories, for the purposes of summarizing with specificity the services rendered on behalf of the Debtors in Possession and the benefit to the estate. These service categories and the professional time spent within each category are as follows:

| SERVICE CATEGORY | HOURS |
|---|---|
| A. General Case Administration – Joint Administration | 78.70 |
| B. Automatic Stay Actions | 7.60 |
| C. Cash Collateral | 43.30 |
| D. Lease Actions | 19.90 |
| E. Plan and Disclosure Statement | 170.20 |
| F. KB II Sale of Real Property | 13.10 |
| G. Professionals | 28.50 |

  H. General Case Administration – Case No. 11 B 3848    <u>16.70</u>

                **TOTAL**  **378.00**

  12. The professional services were rendered within the service categories as follows:

  A. **General Case Administration – Joint Administration -** This service category involved 78.70 hours of services that included services beginning on the KB Petition Date pertaining exclusively to KB, but also contains services pertaining to the jointly administered Debtors as of the KB II Petition Date, and includes: **1)** Meetings, teleconferences and correspondence with John Biebrach ("JB"), the Debtors' principal, and Debtors' support staff, regarding representation of the Debtors in Possession, books, records and information required, Debtor in Possession operations, Operating Instructions and Reporting Requirements, operating reports, monthly preparation of same, DIP accounts, insurance, payment of U.S. Trustee statutory fees, case status, notices, case goals and strategy, case disclosures, meeting of creditors; and communications with parties in interest; **2)** Meetings, teleconferences and correspondence with the U.S. Trustee's office regarding case filing, operating reports, trustee's quarterly fees and case administration; **3)** Meetings, teleconferences and correspondence with creditors and creditors' attorneys regarding Chapter 11 case; **4)** Teleconferences and emails to Debtors' real estate tax attorneys regarding tax appeal case status and results; **5)** Preparation of first day motions, including motion for joint administration of KB and KB II cases; **6)** Drafting Schedules of Twenty Largest Unsecured Creditors, Chapter 11 Schedules, Statement of Financial Affairs, and amendments; **7)** Representation at initial debtor interview, meeting of creditors, meetings with U.S. Trustee and Court hearings; **8)** Services relating to operating reports and other reporting requirements; **9)** Reviewing real estate tax information and payment information; and, **10)** General case administration matters.

  B. **Automatic Stay Actions** - This service category involved 7.60 hours of services in matters relating to the automatic stay and generally included the following: **1)** Teleconferences and correspondence to creditors and creditors' attorneys, including the City of Des Plaines, related to actions against KB II in Circuit Court Case; **2)** research related to Des Plaines continuation of suit against KB II; **3)** Draft Response in Opposition to American Chartered Bank's Motion to Modify the Automatic Stay; **4)** Court – Representation at hearings on Motion to Modify Automatic Stay brought by American Chartered

Bank

C. **Cash Collateral** - This service category involved 43.30 hours of services related to the Debtors' use of cash collateral. The Debtors and American Chartered Bank have engaged in ongoing communications regarding cash collateral and the Debtor's budget and the Debtor has been permitted the use of cash collateral on an interim basis pending a final determination of the Court.

The services rendered in this service category generally included the following: **1)** Reviewing loan documents and mortgages; **2)** Teleconferences, meetings and communications with JB and Debtors' representatives regarding accounts receivable, business operations, DIP budget, cash collateral hearings and adequate protection payments; **3)** Teleconferences, communications and meetings with secured creditors and their attorneys regarding budgetary issues, adequate protection payments, objections to continued use of cash collateral, and evidentiary hearing on continued use of cash collateral; **4)** Drafting Motion to Use Cash Collateral, Notice and Orders; **5)** Drafting monthly cash collateral orders and updated DIP Budgets; and, **6)** Representation of Debtor at monthly interim Cash Collateral Court hearings.

D. **Lease Actions** – This service category involved 19.90 hours of services and included: **1)** Reviewing Debtors' real property leases, renewal leases, contracts and appraisals; **2)** Teleconferences and communications with JB related to leases and effect of bankruptcy; **3)** Meetings, teleconferences and correspondence with creditors and creditors' attorneys regarding Debtors' leases; **4)** Draft Motion to Assume Real Property Lease, Response to Objections, and Order and communications with JB related to same; and, **5)** Representation of Debtor at hearings on Motion to Assume Lease.

E. **Plan and Disclosure Statement** - This service category involved 170.20 hours of services related to the Debtors' obligation to draft a Plan of Reorganization and Disclosure Statement that included: **1)** Drafting Motion to Extend Exclusivity of Time to File Plan and Solicit Acceptances and representing Debtors at court hearing related to same; **2)** Teleconferences, meetings and communications with American Chartered Bank's attorneys to negotiate terms of Plan, amendments thereto and pending objections; **3)** Teleconferences, meetings and communications with JB, and Debtors' support staff regarding accounts receivable, cash flow projections, increased revenues and real estate tax issues; **4)** Drafting Plan and Disclosure Statement and amendments thereto; **5)** Drafting alternative cash flow

analysis based on negotiations with American Chartered Bank and projected income stream and running new amortization schedules; **6)** Teleconferences and communications with special counsel regarding status of real estate taxes to be paid under Plan; **7)** Draft Ballot, Order and Notice on Plan and Disclosure Statement; **8)** Teleconferences, correspondence and meetings with JB related to appraisals and confirmation hearing; **9)** Calculate amortization schedules, cash flow projections, and liquidations analyses; **10)** Meet with Appraiser in preparation of confirmation hearing; **11)** Teleconferences and emails with claimants regarding ballots and voting; **12)** Drafting Motion to Abandon Real Property and Order to supplement Plan provisions; **13)** Representation of Debtors at Disclosure Statement and Plan Confirmation hearings and continued hearings; **14)** Teleconferences, correspondence and meetings with JB related to appraisals and confirmation hearing; and, **15)** Settlement conferences with American Chartered Bank's attorney and creditor.

F. **KB II Sale of Real Property** - This service category involved 13.10 hours of services that included services relating to the contiguous parcel of real property owned by KB II, and includes: **1)** Meetings, teleconferences and correspondence with John Biebrach ("JB"), the Debtors' principal, regarding sale of the KB II parcel of real property (the "Real Property"), analyzing and negotiating a listing agreement for the sale of the Real Property, analyzing and responding to offers and inquiries to purchase the Real Property and granting of an easement for access to the Real Property; **2)** Meetings, teleconferences and correspondence with bank attorneys relating to negotiating a listing agreement for the sale of the Real Property, offers and inquiries to purchase the Real Property and granting of an easement for access to the Real Property; **3)** Teleconferences and correspondence with real estate brokers negotiating listing agreement for the sale of the Real Property, analyzing and responding to offers and inquiries to purchase the Real Property and continuing status reports as to sale efforts.

G. **Professionals -** This service category involved 28.50 hours of services that included: **1)** Drafting Applications to Employ Counsel, Special Real Estate Tax Counsel, Appraiser, Replacement Appraiser Affidavits, Notices and Orders; Application(s) for Allowance of Interim and Final Compensation, Notices and Orders; **2)** Court – Representation at court hearings; and, **3)** Reviewing, organizing and finalizing itemized time sheets.

  H.  **General Case Administration – Case 11 B 3848.** This service category involved 16.70 hours of services that included services pertaining to KB II, and includes: **1)** Meetings, teleconferences and correspondence with John Biebrach ("JB"), the Debtor's principal, and Debtor's support staff, regarding representation of the Debtor in Possession, books, records and information required for filing Chapter 11, Debtor in Possession operations, Operating Instructions and Reporting Requirements, operating reports, monthly preparation of same, DIP accounts, insurance, payment of U.S. Trustee statutory fees, case status, notices, case goals and strategy, Chapter 11 Schedules and Statement of Financial Affairs, case disclosures, meeting of creditors; and communications with parties in interest; **2)** Meetings, teleconferences and correspondence clerks office regarding filing related case, operating reports, trustee's quarterly fees and case administration; **3)** Meetings, teleconferences and correspondence with creditors and creditors' attorneys regarding Chapter 11 case; **4)** Preparation of first day motions, including Motion to Set Claims Bar Date and Motion to Reassign Related Case; **5)** Drafting Schedules of Twenty Largest Unsecured Creditors, Chapter 11 Schedules, Statement of Financial Affairs, and amendments; **6)** Representation at initial debtor interview, meeting of creditors, meetings with U.S. Trustee and Court hearings; **7)** Services relating to operating reports and other reporting requirements; and, **8)** General case administration matters.[3]

  13.  All of the professional services performed were actual and necessary for the proper representation of the Debtors as Chapter 11 Debtors in Possession and in furtherance of the Debtors' reorganization; and, as such, all of the services rendered were authorized pursuant to the Court's January 5, 2011 and March 8, 2011 Orders Authorizing Employment Of Counsel and benefited the estate. No time has been included for services that are in the nature of clerical work.

  14.  The estates of both Debtors have jointly benefited from the work done by the attorneys in the jointly administered case, the economies achieved therein, the confirmation of the Debtors' Amended Plan of Reorganization was confirmed.

  15.  There has been no duplication of services by Monica C. O'Brien, Christina M. Riepel,

---

[3] After the Order approving Joint Administration was entered and the first day motions were completed, any work not solely directed at KB II was billed to the "general case administration - joint administration" category.

Dennis E. Quaid or Gregory K. Stern. Mr. Quaid oversaw and supervised all aspects of the case and all attorney services performed. Generally, only one (1) attorney was assigned to a specific matter. In those instances where more than one attorney participated in any matter, such joint participation was necessary because of the complexity of the problem involved or the critical time constraints that existed.

16. The value of the professional services rendered to the Debtors, as Debtors In Possession, covered by this Application is $139,014.20[4].

17. Actual and necessary costs and expenses in the amount of $2,427.95 have been expended by the Attorneys. Costs include filing fees, postage, and copying charges at the rate of ten cents (.10) per copy.

**WHEREFORE**, Gregory K. Stern, Dennis E. Quaid, Monica C. O'Brien, and Christina M. Riepel pray for entry of an Order, pursuant to § 330 of the Bankruptcy Code, allowing Gregory K. Stern, P.C. final compensation in the amount of $139,014.20 for actual and necessary professional services rendered and reimbursement in the amount of $2,427.95 for actual and necessary costs and expenses incurred; authorizing the Debtor to pay the a total the allowed interim compensation and reimbursement of costs and expenses of $70,903.15 as a priority cost of administration; and, for such other relief as this Court deems just.

By: /s/ Gregory K. Stern
Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Dennis E. Quaid (Atty. ID #02267012)
Christina M. Riepel (Atty. ID #6297514)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

---

[4] The attorney services rendered herein were provided at a blended rate of $367.77 per hour